# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

*In re*: **TAMARA ENGLISH**

**Case No. 6:16-mc-15-Orl-37DAB**

## ORDER

This cause is before the Court on consideration of DeBary Health and Rehabilitation Center's Response to Order Dated March 25, 2016 (Doc. 2), filed March 29, 2016.

DeBary Health and Rehabilitation Center ("**Employer**") is the employer of Tamara English ("**Ms. English**"), who was recently summoned for jury service in this Court.[1] In accordance with her civic duty, and under penalty of law,[2] Ms. English reported to this Court for jury service on March 14, 2016. Exercising their rights under the Seventh Amendment to the U.S. Constitution, the parties to a civil action pending before this Court chose Ms. English to serve as juror for their trial. (*See Walker v. Yamaha Motor Co., Ltd.*, 6:13-cv-1546-37GJK.) The jurors were advised that the trial would last more than five days. Ultimately, it lasted seven business days and concluded nine calendar days after Ms. English initially appeared before the Court.

It is no secret that jury service is taxing to individuals and employers alike. Less well-understood is the critical role that jury trials play in our legal system and society. As such, the Court is keenly attuned to circumstances that may impede jury service as well as circumstances that may increase the cost and inconvenience of jury service. Here,

---

[1] *See* 28 U.S.C. § 1866(b).
[2] *See* 28 U.S.C. § 1866(g).

the Court became concerned that Ms. English may be subjected to intimidation or coercion due to her jury service; thus, at the outset of trial, the Court contacted the Employer by fax and e-mail ("**Initial Communication**"). (Doc. 1 (describing the content of the Initial Communication).) Dissatisfied with the Employer's curt and delayed response to the Initial Communication, the Court: (1) advised Employer that it intended to issue an Order to Show Cause; (2) directed the Clerk to open this action; and (3) appointed counsel to represent Ms. English ("**Appointed Counsel**").[3] (*See id.*)

Although the Court has not yet issued a Show Cause Order, on March 29, 2016, Employer filed a Response in this action. (*See* Doc. 2.) In its Response, Employer detailed its general Jury Duty policy ("**Policy**"), and asserted that it "does not discharge, intimidate, or coerce any employee by reason of such employee's jury service or the attendance or scheduled attendance in connection with such service, in any State or Federal Court." (*See id.* at 1.) With respect to Ms. English, Employer noted only its view that "there is no evidence" that Employer "threatened to discharge Ms. English, nor is there evidence of intimidation or coercion of Ms. English." (*See id.* at 2.)

As described by Employer, the Court cannot find that the Policy is facially deficient or improper. Nonetheless, an employer's compliance with 28 U.S.C. § 1875(a) turns on context and circumstances unique to specific jurors.[4] Accordingly, the Court will continue

---

[3] *See United States v. Little*, 365 F. App'x 159, 167 n.13 (11th Cir. 2010) (noting that any report of adverse action due to jury service by an employer "would properly give rise to an investigation by proper authorities").

[4] *See Hill v. Winn-Dixie Stores, Inc.*, 934 F.2d 1518, 1526–27 (11th Cir. 1991) (finding that evidence of employer's adverse reaction to employee's jury service—including "prolonged anger"—was sufficient to find a § 1875 violation); *Madonia v. Coral Springs P'ship, Ltd.*, 731 F.Supp. 1054, 1056 (S.D. Fla. 1990) (assessing employer's action by comparison to pre-service conduct); *United States v. Adamita*, 701 F.Supp. 85, 86–87 (S.D.N.Y. 1988) (considering juror's unique economic and familial circumstances).

this action until Appointed Counsel has had a reasonable opportunity to consult with Ms. English and advise the Court whether additional proceedings are required.

## CONCLUSION

On or before **April 22, 2016**, Appointed Counsel shall advise the Court in writing whether Ms. English intends to continue this action.[5]

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 7, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[5] If Ms. English declines to continue this action, her decision shall not be construed as a waiver of any 28 U.S.C. § 1875 claim that Ms. English may now have or that may accrue against Respondent in the future. *E.g., Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1279 (11th Cir. 2014) (listing waiver requirements); *Kennedy v. Sears, Roebuck & Co.*, No. 6:92-cv-1062, 1993 WL 276911, at *2 (M.D. Fla. March 31, 1993) (determining that § 1875(d)(2) is subject to a two-year statute of limitations).